```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COLIN ROACH,
                                              MEMORANDUM & ORDER
                    Petitioner,               08-CV-1916 (JS)

     -against-

UNITED STATES ATTORNEY GENERAL,
MARC MOORE, District Director,

                    Respondents.
----------------------------------X
APPEARANCES:
For Petitioner:     Colin A. Roach, Pro Se
                    A# 73 137 400
                    South Texas Detention Complex
                    566 Veterans Dr
                    Pearsall, TX 78061

For Respondents:    No Appearance
```

SEYBERT, District Judge:

On April 20, 2008, Colin A. Roach ("Roach" or "Petitioner") filed this petition for a writ of habeas corpus challenging his confinement. Petitioner argues that his arrest warrant was "forged and or fraudulent" because "the Immigration and Naturalization Service was officially abolished . . . ." (Pet. P. 6). For the reasons stated below, the Court finds that it lacks jurisdiction over the petition, and transfers the petition to the Western District of Texas.

## DISCUSSION

Although Petitioner cites to 28 U.S.C. § 2254 as a basis for his petition, the Court presumes that Petitioner intended to file his petition under 28 U.S.C. § 2241. Petitioner states that he is not in custody pursuant to a state court conviction, and

further states that he is not challenging a state court conviction. Rather, Petitioner challenges his custody brought pursuant to Section 287 of the Immigration and Nationality Act. As such, a petition pursuant to Section 2241 is proper, and the Court will address Roach's petition as having been brought pursuant to Section 2241.

Under Section 2241, federal district courts are granted limited jurisdiction to issue writs only "within their respective jurisdictions." 28 U.S.C. § 2241. The phrase "within their respective jurisdictions" is limited to the territorial reach of the district court and does not include or encompass the court's long arm jurisdiction. Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Id. (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed.2d 443 (1973)).

Applying the jurisdictional limitations of Section 2241 to this case, the Court can only acquire jurisdiction over Roach's habeas petition if the warden of the detention center in which he is detained is located within the Eastern District of New York. At

the time of filing, Roach was held at the South Texas Detention Center, located in Pearsall, Texas, and therefore should have brought his petition in the United States Federal Court for the Western District of Texas. See Rumsfeld, 542 U.S. 447 ("[W]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Because Petitioner is confined outside of the jurisdiction limits of the Eastern District of New York, this Court lacks jurisdiction over Roach's petition, and accordingly transfers the petition to the Western District of Texas. See 28 U.S.C. § 1631.

## CONCLUSION

In light of the foregoing, the Clerk of the Court is directed to transfer this petition to the United States Federal Court for the Western District of Texas.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
May 30, 2008